IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kofi Gyekye,

    Plaintiff,

  v.                                               Case No. 2:11-cv-353

Lisa Gilliam, et al.,                 JUDGE GREGORY L. FROST
                                                           Magistrate Judge Kemp

    Defendants.

## OPINION AND ORDER

The case is before the Court on the Report and Recommendation of the Magistrate Judge, who recommends that the case be dismissed, and Mr. Gyekye's objection to that recommendation. For the following reasons, Mr. Gyekye's objections will be overruled and the case will be dismissed.

I.

The facts of this case are fairly summarized in the Report and Recommendation and will not be repeated here. Briefly, Mr. Gyekye, a state prisoner, asserts that while he was an inmate at the Madison Correctional Institution, he was verbally abused and subjected to an excessive use of force in violation of his Eighth Amendment rights. He also asserts that this conduct was in retaliation for his filing of grievances. Further, he contends that his request for an extra footlocker for the storage of his legal materials was denied and his legal materials were destroyed. The Report and Recommendation concluded that no issues of material fact existed as to any of Mr. Gyekye's claims, and that, construing the facts in the light most favorable to Mr. Gyekye, the defendants were entitled to summary judgment. Because Mr. Gyekye has filed an objection to these findings, the Court will decide de novo the issue of whether the complaint states a viable claim. 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b).

II.

Mr. Gyekye's objection appears to be directed only to the Magistrate Judge's conclusion that he failed to demonstrate a genuine issue of material fact with respect to his excessive use of force claim. This claim, as construed by the Magistrate Judge, related to the actions of only two

of the named defendants, only one of whom was properly served. The extent of Mr. Gyekye's objection is that he has raised a genuine issue of material fact with respect to this claim because "[t]he affidavits of the plaintiff's and the defendant's are squarely contradictory as to what force was used, when it was used, and why it was used." *See* Objection, ECF No. 41, p.3.

The defendants have filed a response to the objections noting that Mr. Gyekye did not directly respond to the motion for summary judgment nor did he file any affidavit or declaration in support of his claims with the Court. Further, they note that his complaint is not verified. Accordingly, they argue that their "multiple declarations and extensive documentary evidence" stand uncontroverted. *See* Response in Opposition, ECF No. 42, p.4. Additionally, they assert, without authority, that because Mr. Gyekye did not respond to the motion for summary judgment, he is not entitled to a de novo review.

## III.

The Magistrate Judge accurately summarized the legal standard applicable to Mr. Gyekye's use of force claim as follows:

> The standard used to analyze excessive force claims under the Eighth Amendment requires the Court to determine whether the officers acted in a good faith effort to maintain or restore discipline, or whether they acted maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *see also Wilkins v. Gaddy*, ––– U.S. ––––, ––––, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010). That is not to suggest that every angry touch by a prison guard gives rise to a federal cause of action. Prison officials may often be required to use physical contact to insure prison security. Id. at 9. The physical contact will rise to the level of an Eighth Amendment violation only if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In determining whether the use of force was wanton and unnecessary, the extent of injury suffered by an inmate is one factor that may be considered, along with other factors including "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986). Generally, if the force applied is grossly disproportionate to the offense committed by the prisoner, a plaintiff states a cause of action for use of excessive force. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981).

Further, the Magistrate Judge acknowledged Mr. Gyekye's failure to respond directly to the motion for summary judgment, but, as required under *Carver v. Bunch*, 946 F.2d 451 (6th

Cir. 1991), reviewed the defendants' evidence, concluding that they had met their burden of demonstrating the absence of a genuine issue of material fact. In reaching this conclusion, the Magistrate Judge described the evidence submitted by the defendants as follows:

> In support of their position, defendants have submitted the declaration of Shawn Vassar, the use of force committee reports including Mr. Gyekye's statement of the incident, an incident report from a nurse present in the infirmary at the time of the incident, and Mr. Gyekye's use of force medical exam report. According to Officer Vassar's declaration, when he entered the infirmary, he heard Officer Follrod and Mr. Gyekye shouting at each other. Officer Follrod was directing Mr. Gyekye to leave and Mr. Gyekye was refusing and appeared to be prepared to offer physical resistance. Mr. Vassar witnessed Officer Follrod grab Mr. Gyekye, spin him around, grab him by his shirt and jacket, and place him against the wall to handcuff him. Mr. Vassar assisted in placing Mr. Gyekye in handcuffs and escorted him to segregation. According to Mr. Vassar, this use of force was routine under the circumstances of a prisoner demonstrating resistance and the amount of force used was minimal.
>
> Defendants' additional documentation relating to this issue is consistent with Officer Vassar's description of the events. The incident report completed by the nurse states that Mr. Gyekye was resisting the officers. Further, Mr. Gyekye's own statement of the incident indicates that he did not leave the infirmary as instructed by Officer Follrod. Additionally, the medical exam report completed immediately following the use of force states that Mr. Gyekye had no marks or signs of trauma and did not require medical treatment.

As further support, the Magistrate Judge noted that the defendants' version of the events was not inconsistent with the allegations of Mr. Gyekye's complaint. As explained by the Magistrate Judge:

> In his complaint, Mr. Gyekye admits that he "voiced his opinion and disapproval" to Officer Follrod. Further, although he makes a conclusory statement that Officer Follrod "slammed him against the wall," Mr. Gyekye provides no detail. As noted above the medical reports do not suggest any injuries consistent with being "slammed" against a wall and Mr. Gyekye does not provide any evidence of, or even allege, any resulting injury. For all of these reasons, the Court will recommend that the defendants' motion for summary judgment be granted on this issue.

In his objection, Mr. Gyekye has failed to direct the Court's attention to any evidentiary materials he presented which the Magistrate Judge failed to consider and which demonstrate a genuine issue of material fact precluding summary judgment in

defendants' favor.  Additionally, Mr. Gyekye has failed to raise any other specific challenge to the Magistrate Judge's recommendation regarding his excessive use of force claim.  Consequently, Mr. Gyekye's objection will be overruled.

The Court also notes that Mr. Gyekye states in passing that he has asserted a "colorable claim" for abuse by the use of racial slurs and a claim for inappropriate supervision.  He does not, however, assert any specific challenge to the Magistrate Judge's recommendation that these claims be dismissed.  Objections to a report and recommendation must be specific.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  General objections are insufficient and result in waiver of further review.  *Id.*  Similarly, to the extent that Mr. Gyekye makes vague reference to a "cover-up," issues or arguments raised for the first time in an objection to a report and recommendation are deemed waived.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

Finally, the Court notes that Mr. Gyekye also suggests that this case should be stayed to allow him to locate and serve defendant "'John Doe Fullrod'" and that he needs appointed counsel to help him address the summary judgment issues because he is from Ghana and has difficulties with the English language.  Because, as set forth above, Mr. Gyekye's objection will be overruled, the Court will not consider these requests.

IV.

For all these reasons, plaintiff's objection (ECF No. 41) to the Report and Recommendation (ECF No. 34) are **OVERRULED**.  The Report and Recommendation is **ADOPTED AND AFFIRMED.**  Defendants' motion for summary judgment (ECF No. 30) is **GRANTED** and the motion to strike (ECF No. 33) is **DENIED AS MOOT**.  This case is **DISMISSED**.

    **IT IS SO ORDERED**.

      /s/ Gregory L. Frost
    GREGORY L. FROST
    UNITED STATES DISTRICT JUDGE